## UNITED STATES ex rel. YUCK KEE v. SANBORN, District Judge.

Circuit Court of Appeals, Eighth Circuit.
September 10, 1927.

No. 313.

Criminal law ⟨key⟩1072—Trial court need not grant writ of error, where assignments charge no error reviewable by appellate court.

Where assignments of error charge no error reviewable by appellate court, no duty rests on the trial court to grant writ of error.

On Petition for Writ of Mandamus.

Petition by the United States, on the relation of Yuck Kee, against John B. Sanborn, United States District Judge for the District of Minnesota, for writ of mandamus. Denied.

Yuck Kee for petitioner.

Lafayette French, Jr., U. S. Atty., of St. Paul, Minn., for respondent.

Before STONE and VAN VALKENBURGH, Circuit Judges, and POLLOCK, District Judge.

PER CURIAM. Petitioner was indicted in the District Court for the District of Minnesota for three violations of the Anti-Narcotic Act (26 USCA §§ 211, 691–707 [Comp. St. §§ 6287g–6287q]). On his arraignment, counts 1 and 2 of the indictment were nolle prossed by the district attorney, and petitioner pleaded guilty to the third count and was sentenced to serve three years in the federal prison, Leavenworth, this state. This third count, in apt and appropriate language, charges petitioner with the unlawfully, feloniously having and concealing a certain quantity of smoking opium at a place within the jurisdiction of the court, specifically describing it; he (the petitioner) well knowing at the time this opium had been imported and brought into this country in violation of the law.

After the imposition of sentence on his plea of guilty, petitioner applied to the trial judge to grant him a writ of error to review the judgment on his plea of guilty. Although the count of the indictment to which petitioner pleaded guilty had been in no manner or way challenged in the trial court, the writ of error prayed, as shown by the assignments of error presented with the petition for the writ, is desired for the purpose of now challenging the sufficiency of the indictment and the propriety of the sentence imposed. In ruling the question of the right of petitioner to the writ of error requested, and on the assignments of error presented with the petition for the writ, Judge Sanborn, in his order denying the same, said:

"The defendant, by indictment in three counts, was charged with three violations of the Harrison Narcotic Act. The United States attorney agreed to nolle the first two counts of the indictment, upon a plea of guilty to the third count, which was entered by the defendant on the 11th day of October, 1925. Upon his plea to the third count, the defendant was sentenced to seven years in Leavenworth Penitentiary. He now applies for a writ of error so that he may attack the validity of the indictment and the propriety of the sentence, which was three years less than the maximum provided by the statute.

"If the defendant had pleaded to the whole indictment or had stood trial and been convicted, he might have received a sentence of thirty years. He was permitted to plead to one count.

"I can see no reason why the Circuit Court of Appeals should be burdened with a case which is so obviously without merit. If the defendant desires to do so, he may send his application to that court, and, if it desires to review the matter, this court certainly has no objection.

"The petition for a writ of error is denied."

In the making of this order and the denying the writ, the trial judge was within his rights as judge. See Chapman v. Sanborn (C. C. A.) 18 F.(2d) 254.

The writ of mandamus prayed in this proceeding must be denied, and is denied.